IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEGHENY CLINIC, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-cv-517 |
| | ) | |
| v. | ) | |
| | ) | Judge Marilyn J. Horan |
| TOTAL WELLNESS PSYCHIATRY, PLLC, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is a Motion for Partial Summary Judgment and for Summary Judgment filed by Plaintiff Allegheny Clinic. (ECF No. 45). Allegheny Clinic filed suit in the Court of Common Pleas of Allegheny County against Defendants Total Wellness Psychiatry and Audrey Longson, D.O. (Dr. Longson) alleging claims for breach of contract, unjust enrichment, and fraud. (ECF No. 1). The Defendants subsequently removed the action to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1452. (ECF No. 1). The Defendants filed a Motion to Dismiss all claims against them, which the Court granted in part and denied in part. (ECF Nos. 7, 15). Dr. Longson was dismissed from the case entirely, and the unjust enrichment and fraud claims against Total Wellness Psychiatry were dismissed. (ECF No. 7). In its Answer, Total Wellness Psychiatry included a Counterclaim for breach of contract against Allegheny Clinic. (ECF No. 17). The remaining claims are Allegheny Clinic's breach of contract claim against Total Wellness Psychiatry and Total Wellness Psychiatry's Counterclaim for breach of contract against Allegheny Clinic.

Allegheny Clinic's Motions for Partial Summary Judgment and for Summary Judgment have been fully briefed, and the Motions are now ripe for decision. Based on the following

1

reasoning, Plaintiff Allegheny Clinic's Motion for Partial Summary Judgment on its breach of contract claim will be granted, and Allegheny Clinic's Motion for Summary Judgment on Defendant Total Wellness Psychiatry's Counterclaim will be granted.

## I.      Background

This breach of contract action involves a dispute over the February 3, 2016 Professional Services Agreement (the Agreement) between Allegheny Clinic and Total Wellness Psychiatry. (ECF No. 53, ¶ 5 at 2). Allegheny Clinic contracted with Allegheny County Jail to provide psychiatry services to the inmates. (ECF No. 53, ¶ 1 at 15). In addition, Allegheny Clinic contracted with Total Wellness Psychiatry to provide those telepsychiatry services. (ECF No. 53, ¶ 3 at 16). Under the Agreement, Dr. Longson, who is the sole owner and member of Total Wellness Psychiatry, was to provide telepsychiatry visits to inmates at Allegheny County Jail. (ECF No. 53, ¶¶ 4, 6-11 at 2-4).

The Agreement explicitly stated that the Base Fee to be paid to Total Wellness Psychiatry was "$225.00 per hour, with a schedule to be determined by Department Chair." (ECF No. 1-2, at 22). The initial contract term began on February 3, 2016 and expired on February 17, 2017. (ECF No. 1-2, at 11). The contract also contained an automatic renewal provision, whereby the contract would automatically renew unless either party provided written notice of termination to the other party. (ECF No. 1-2, at 11). Pursuant to said automatic renewal provision, the Agreement renewed for two additional one-year terms in February 2017 and February 2018. (ECF No. 53, ¶ 25 at 21). Finally, the contract contained an Integration Clause stating:

> This Agreement supersedes any and all other agreements, either oral or in writing, between the parties hereto with respect to the subject matter hereof, and contains the entire agreement between the parties relating to said subject matter. All prior representations and agreements of whatsoever nature are hereby merged into this Agreement. No change or addition to, or deletion of, any portion of this

> Agreement shall be valid or binding upon the parties hereto unless the same is approved in writing by the parties.

(ECF No. 1-2, at 20).

During the course of the contract, Dr. Longson generally saw patients from 11 a.m. to 3 p.m., four days per week. (ECF No. 53, ⁋ 12 at 4). Total Wellness Psychiatry provided Allegheny Clinic with documentation of each patient encounter. (ECF No. 53, ⁋ 12 at 18 and ECF 52-5, 6). Dr. Longson testified that Total Wellness Psychiatry submitted monthly time billings to Allegheny Clinic on an hourly basis. (ECF No. 48-6, at 4). She computed her time entry billings by calculating each new patient encounter as one hour of time and each follow-up patient encounter as one half-hour of time, regardless of the actual amount of time she spent with a patient. (ECF No. 48-6, at 2-4). The invoices reflected the dates of service, the time for service, and the computed amount billed based upon the contracted rate of $225 per hour. (ECF No. 52-5, at 6). Allegheny Clinic reviewed and approved all billing statements submitted by Total Wellness Psychiatry. (ECF No. 53, ⁋⁋ 16, 18 at 18-19). Allegheny Clinic then billed Allegheny County Jail monthly for the medical services billed by Total Wellness Psychiatry. (ECF No. 53, ⁋ 26 at 21). The Allegheny County Jail paid Allegheny Clinic for the invoiced services provided by Total Wellness Psychiatry. (ECF No. 53, ⁋ 26 at 21).

In October 2018, Allegheny County Jail performed a financial audit, which reflected that its contract with Allegheny Clinic was overbudget. (ECF No. 53, ⁋ 28 at 8). In November 2018, Allegheny County Jail informed Allegheny Clinic about the results of its audit, which prompted Allegheny Clinic to perform its own audit of Total Wellness Psychiatry's billing practices. (ECF No. 53, ⁋ 26 at 8). The Allegheny Clinic audit established that Total Wellness Psychiatry was billing for excessive hours because the time billed was computed based upon each individual patient encounter rather than upon actual time spent with patients. (ECF No. 53, ⁋⁋ 27, 30 at 8-

9). In November 2018, Allegheny Clinic informed Total Wellness Psychiatry of the Allegheny County Jail audit and attempted to negotiate a mutually agreeable resolution. (ECF No. 53, ¶ 45 at 13). In December 2018, Total Wellness Psychiatry terminated the Agreement with Allegheny Clinic and refused to provide any additional telepsychiatry services. (ECF No. 53, ¶ 32 at 22). Allegheny Clinic refused to pay Total Wellness Psychiatry for invoiced telepsychiatry services for October and November in the amount of $16,042.50. (ECF Nos. 48-6, at 4; 53, ¶ 33 at 22). Pursuant to the contract between Allegheny Clinic and the Allegheny County Jail, Allegheny Clinic repaid the Jail $190,545.00 for the excess telepsychiatry services over and above the budgeted amount of $225.00 for each hour of services budgeted. (ECF No. 1-2, ¶ 28). Allegheny Clinic now seeks repayment of $174,502.50 from Total Wellness Psychiatry. (ECF No. 1-2, ¶ 30). Said sum represents the overbilled amount of $190,545.00 less the $16,042.50 outstanding billing for services.

      Allegheny Clinic seeks partial summary judgment, arguing that Total Wellness Psychiatry breached the express terms of the Agreement by billing excess time for each patient encounter. Total Wellness Psychiatry, on the other hand, argues that the arrangement to bill per each individual patient encounter was understood and intended by both parties when they entered into the contract. Allegheny Clinic also seeks summary judgment on Total Wellness Psychiatry's Counterclaim, arguing that Total Wellness Psychiatry materially breached the agreement by billing excess time for patient encounters such that Allegheny Clinic did not breach the Agreement. Total Wellness Psychiatry, however, argues that Allegheny Clinic breached the Agreement when it withheld the $16,042.50 payment for services rendered in October and November of 2018.

## II. Legal Standard

According to Federal Rule of Civil Procedure 56, a court must grant summary judgment where the moving party "shows that there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For a dispute to be genuine, there must be "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party."  *Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 213 (3d Cir. 2017) (internal quotations omitted).  Additionally, for a factual dispute to be material, it must have an effect on the outcome of the suit.  *Id*.  "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."  *Horowitz v. Federal Kemper Life Assurance, Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (citations omitted).

In reviewing and evaluating the evidence to rule upon a motion for summary judgment, the court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the" non-moving party.  *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotations omitted).  However, where "the non-moving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,'" the moving party is entitled to judgment as a matter of law.  *Moody*, 870 F.3d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

## III. Discussion

Allegheny Clinic argues that, under the plain meaning of the contract, Total Wellness Psychiatry was to bill for telepsychiatry patients at a rate of $225.00 per hour.  (ECF No. 46, at 12).  Total Wellness Psychiatry, on the other hand, argues that deposition testimony supports its contention that both parties understood and intended that Total Wellness Psychiatry would bill

each patient encounter in one hour and one half-hour time increments rather than on a time spent hourly basis.  Total Wellness Psychiatry further argues that the parties' course of performance is the best indicator of their intent under the contract.  (ECF No. 50, at 7, 10).

"Contract interpretation involves determining the meaning of the contract language and giving effect to the parties' intent.  Construction of a contract goes beyond interpretation and requires determining the legal effect and consequences of contractual provisions." *John F. Harkins Co. v. Waldinger Corp.*, 796 F.2d 657, 659 (3d Cir. 1986) (internal citations omitted). "When an ambiguity exists in the agreement, the problem is one of interpretation.  If, however, the terms are clear, construction of the contract determines its legal operation." *Garden State Tanning, Inc. v. Mitchell Mfg.Grp., Inc.*, 273 F.3d 332, 335 (3d Cir. 2001) (citing *Ram Constr. Co., Inc. v. Am. States Ins. Co.*, 749 F.2d 1049, 1052-53 (3d Cir. 1984)).  Where the language of the contract is "clear and unambiguous, the focus of interpretation is upon the terms of the agreement as *manifestly expressed*, rather than as, perhaps, silently intended." *Steuart v. McChesney*, 444 A.2d 659, 661 (Pa. 1982).

In this case, there is no ambiguity in the Agreement as to the terms of the contract.  Total Wellness Psychiatry was to be paid on a per hour, rather than on a per patient encounter basis. The Agreement clearly requires payment at a rate of $225.00 per hour.  There is no provision within the terms of the Agreement that Total Wellness Psychiatry was to bill or be paid on any per patient encounter basis.  As such, the terms of the Agreement did not entitle Total Wellness Psychiatry to bill for excess time beyond what Dr. Longson actually spent with patients.  Thus, the express language of the Agreement was clear and unambiguous in this regard.

To avoid the result from the express, clear and unambiguous Agreement provisions, Total Wellness Psychiatry urges this Court to consider parol evidence to find that there was an

agreement and understanding between the parties that Total Wellness Psychiatry would bill per each patient encounter rather than on an hourly basis.  Total Wellness Psychiatry proffers Dr. Longson's deposition testimony to establish a material question of fact that during contract formation there was a mutual understanding that Total Wellness Psychiatry would be paid for each individual patient encounter, even though such understanding was not expressed within the contract.  (ECF No. 53, ⁋ 19 at 6).[1]  Allegheny Clinic counters that the parol evidence rule bars the inclusion of additional terms to the Agreement that may have been discussed during contract formation but which were not included in the final written document.  The parol evidence rule is a rule of substantive law which prevents adding terms to a contract based upon any prior or contemporaneous oral agreements during contract formation.  *Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs.*, 951 F.2d 1399, 1405 (3d Cir. 1991).  "Once a writing is determined to be the parties' entire contract, the parol evidence rule applies and evidence of any previous oral or written negotiations or agreements involving the same subject matter as the contract is almost always inadmissible to explain or vary the terms of the contract."  *Id.*  Thus, the parol evidence rule bars the introduction of any deposition testimony by Total Wellness Psychiatry to support that the parties reached a mutual understanding that Total Wellness Psychiatry would be paid for each individual patient encounter rather than on an hourly basis.  As such Dr. Longson's proffered deposition testimony is inadmissible and cannot give rise to any question of fact to defeat summary judgment in this case.

---

[1] Allegheny Clinic proffered contrary deposition testimony of Dr. Patton Van Nickell's as to pre-contract formation discussions and intentions.  Dr. Nickell's deposition testimony indicates that Allegheny Clinic had no intention to pay Total Wellness Psychiatry for each individual patient encounter rather than on an hourly basis.  (ECF No. 53, ⁋ 21 at 6).  He testified his intent was always to pay Total Wellness Psychiatry on an hourly basis.  (ECF No. 53, ⁋ 21 at 6).  Such contrary deposition testimony is also not considered where the parol evidence rule precludes admission.

To the extent Total Wellness Psychiatry maintains that parol evidence is admissible because the Agreement does not express the parties' entire contract, it is significant that the Agreement between Allegheny Clinic and Total Wellness Psychiatry contained an integration clause. "An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004). Absent an ambiguity in the contract, an integration clause triggers the parol evidence rule. *Yocca*, 854 A.2d at 436-37. As this court has determined there is no ambiguity in the express terms of the Agreement, the integration clause within the Agreement precludes Total Wellness Psychiatry's proffered parol evidence to vary the terms of the Agreement.

Despite the express clear and unambiguous terms of the Agreement and the Agreement's Integration Clause, Total Wellness Psychiatry further argues that the Agreement must be interpreted in light of the course of performance between the two parties. Total Wellness Psychiatry argues that throughout the term of the Agreement and its automatic extensions, it billed Allegheny Clinic based upon Dr. Longson's per patient encounter calculations of time, rather than actual time spent with patients, and that Allegheny Clinic paid such billings. Total Wellness Psychiatry argues that such course of performance demonstrates the parties' understanding of its position concerning its billing practices for telepsychiatry services under the Agreement.

Total Wellness Psychiatry cites the Restatement (Second) of Contracts § 202, which provides:

> (4) Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for

To the extent Total Wellness Psychiatry maintains that parol evidence is admissible because the Agreement does not express the parties' entire contract, it is significant that the Agreement between Allegheny Clinic and Total Wellness Psychiatry contained an integration clause. "An integration clause which states that a writing is meant to represent the parties' entire agreement is also a clear sign that the writing is meant to be just that and thereby expresses all of the parties' negotiations, conversations, and agreements made prior to its execution." *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004). Absent an ambiguity in the contract, an integration clause triggers the parol evidence rule. *Yocca*, 854 A.2d at 436-37. As this court has determined there is no ambiguity in the express terms of the Agreement, the integration clause within the Agreement precludes Total Wellness Psychiatry's proffered parol evidence to vary the terms of the Agreement.

Despite the express clear and unambiguous terms of the Agreement and the Agreement's Integration Clause, Total Wellness Psychiatry further argues that the Agreement must be interpreted in light of the course of performance between the two parties. Total Wellness Psychiatry argues that throughout the term of the Agreement and its automatic extensions, it billed Allegheny Clinic based upon Dr. Longson's per patient encounter calculations of time, rather than actual time spent with patients, and that Allegheny Clinic paid such billings. Total Wellness Psychiatry argues that such course of performance demonstrates the parties' understanding of its position concerning its billing practices for telepsychiatry services under the Agreement.

Total Wellness Psychiatry cites the Restatement (Second) of Contracts § 202, which provides:

> (4) Where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for

> objection to it by the other, any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement.
>
> (5) Wherever reasonable, the manifestations of intention of the parties to a promise or agreement are interpreted as consistent with each other and with any relevant course of performance course of dealing, or usage of trade.

However, comment g to § 202 indicates that while conduct can be a strong indicator of the meaning of the contract, course of performance can also be an indicator of "a mistake which should be corrected." Furthermore, said comment g to § 202 explicitly states that "the rule of Subsection (4) does not apply to action on a single occasion or to action of one party only; in such cases the conduct of a party may be evidence against him that he had knowledge or reason to know of the other party's meaning, but self-serving conduct in not entitled to weight." Additionally, Restatement § 203(b) explicitly provides that "express terms are given greater weight than course of performance." Restatement (Second) of Contracts § 203(b) (Am. Law Inst. 1965).

In this case, the billings from Total Wellness Psychiatry contained no information by which Allegheny Clinic could have concluded that Total Wellness Psychiatry was not billing on actual time spent basis. (ECF No. 52-5, at 6). Based on the clear, unambiguous language of the contract, Allegheny Clinic was operating under the mistaken belief that Total Wellness Psychiatry was billing for actual time spent with patients as per the terms of the Agreement. It was not until November of 2018, after the Allegheny County Jail audit, that Allegheny Clinic realized that Total Wellness Psychiatry was overbilling time for each patient encounter. As such, evidence relevant to the course of performance between the parties does not support any finding of any bilateral course of conduct to demonstrate any mutual agreement or understanding that Total Wellness Psychiatry was permitted to bill for services on a per patient encounter basis. In addition, the express terms of the Agreement are to be given greater weight than course of

performance. In this case, the course of performance supports the express terms of the agreement. Total Wellness Psychiatry breached the integrated Agreement by billing for patients on a patient encounter basis rather than on an actual time spent hourly basis.

Therefore, Allegheny Clinic's claim for breach of contract against Total Wellness Psychiatry presents no question of material fact. The express language of the integrated Agreement is clear and unambiguous. Parol evidence is not admissible in this case. The course of performance between the parties was consistent with the express language of the Agreement. The record supports that Total Wellness Psychiatry breached the Agreement through its billings to Allegheny Clinic. Total Wellness Psychiatry is therefore liable to Allegheny Clinic for damages. Allegheny Clinic's Partial Motion for Summary Judgment regarding liability for breach of contract at Count I will be granted.

Allegheny Clinic also seeks summary judgment on Total Wellness Psychiatry's Counterclaim that Allegheny Clinic breached the Agreement by withholding the October and November 2018 payments to Total Wellness Psychiatry in the amount of $16,042.50. (ECF No. 50, at 13). Allegheny Clinic argues that Total Wellness Psychiatry first breached the Agreement by consistently overbilling Allegheny Clinic. (ECF No. 46, at 12-13).

"When performance of a duty under a contract is due, any nonperformance is a breach." Restatement (Second) of Contracts § 235(2) (Am. Law Inst. 1965). "If a breach constitutes a material failure of performance, then the non-breaching party is discharged from all liability under the contract." *Oak Ridge Const. Co. v. Tolley*, 504 A.2d 1343 (Pa. Super. Ct. 1985). In this case, Total Wellness Psychiatry breached the Agreement when it overbilled time for its services. Total Wellness Psychiatry billings to Allegheny Clinic for excess time for each patient encounter, breached the Agreement. Such breach was a material failure of performance under

the express terms of the integrated Agreement.  As such, Allegheny Clinic did not breach the Agreement when it refused to pay the $16,042.50 invoice for services rendered from October and November 2018.  Thus, Allegheny Clinic's Motion for Summary Judgment on Total Wellness Psychiatry's Counterclaim for breach of contract will be granted.  Telepsychiatry services, represented by the $16,042.50 billing, will be considered in determining damages due to Allegheny Clinic in Count One, Allegheny Clinic's breach of contract claim, against Total Wellness Psychiatry.

## IV.     Conclusion

Based on the foregoing, Plaintiff Allegheny Clinic's Partial Motion for Summary Judgment, as to Total Wellness Psychiatry's liability for breach of contract at Count One of its Complaint, will be GRANTED.  The issue of damages remains for determination.  In addition, Allegheny Clinic's Motion for Summary Judgment, as to Total Wellness Psychiatry's Counterclaim, will be granted.  Accordingly, an appropriate Order shall be entered.

DATE:  June 7, 2021

Marilyn J. Horan
United States District Judge